THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH D. McGOLDRICK, as State Rent Administrator, Plaintiff, against VINCENZO D'ALLURA, Defendant.

Supreme Court, Special Term, Westchester County, June 1, 1950.

*Nathaniel L. Goldstein, Attorney-General (Emory Gardiner* of counsel), for plaintiff.

*Lawrence T. Gross, Jr., Esq.,* for defendant.

SCHMIDT, J. Two motions are before the court.

1. A motion by plaintiff for a temporary injunction restraining the defendant, among other things, from evicting the tenant. The action in which this motion is brought is one for a similar temporary and final injunction. The facts are undisputed. The landlord prior to May 1, 1950 obtained a Federal certificate permitting eviction and instituted a dispossess proceeding in the Police Court of the village of Pleasantville. On May 1, 1950, it was pending in that court as the final order was entered on

May 10, 1950 and a warrant thereupon issued. This court is not called upon to decide if the proceeding would have been pending if it had resulted in a final order prior to May 1, 1950, with the warrant executed thereafter, as this is not the case here. The proceeding being " pending " on May 1, 1950, it became subject to the provisions of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) as the Federal law under which it had been commenced became inoperative in New York State on that date. The motion must therefore be granted.

2. A cross motion by the defendant to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The defendant contends specifically that paragraph (f) of subdivision 1 of section 12 of the act is unconstitutional. The provisions of this paragraph are a proper exercise of the legislative power in respect to one of the requirements to be met before a tenant can be evicted during the present housing emergency. The court accordingly finds that it is constitutional. The cross motion is denied.

Submit order on two days' notice.